Michael Robert SHAFFER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19624.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1962.

Rehearing Denied Nov. 26, 1962.

Frank P. Fullerton, Joseph A. Calamia, El Paso, Tex., for appellant.

Frederick J. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., M. H. Raney, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from a felony conviction for an "assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse * *." 18 U.S.C.A. § 113(c). The question involved here is whether the evidence is sufficient to support the trial Court's finding that the admitted assault was "with intent to do bodily harm." Under the statute this element distinguishes a felony from a misdemeanor. 18 U.S.C.A. § 113(e). We hold that the evidence is sufficient.

At the time of the offense, the defendant, a PFC in the United States Army, was confined in the Stockade at Ft. Bliss,

Texas. While out on detail with two other prisoners and accompanied by a guard carrying a 12 gauge sawed-off shotgun, the defendant snatched the gun from the guard and pumped a shell into the chamber. Holding the gun in both hands and waving it back and forth, the defendant asked the other prisoners if they desired to go with him. They replied negatively. Defendant then made his escape after telling the guard and the other prisoners to remain in the latrine for five minutes or he would shoot their heads off.

■ The Court below found that the loaded gun was a dangerous weapon. Not even the defendant could quarrel with this obvious fact. Certainly an instrument of this sort which is capable of inflicting grave bodily harm or death is a dangerous weapon.

Obviously, the defendant here did not have a legal justification or excuse for his actions. He was confined in an Army "jail." To effectuate his escape, he brandished a loaded gun in the presence of others and threatened them with bodily harm should they make any effort to stop him.

■■ There can be no real question of proof of an "assault." The proof of malice is not a necessary ingredient of an assault. Neither is it necessary that there actually be an attempt to commit a battery. It is sufficient if, viewed from the standpoint of the victim, there is an apparent intent to commit a battery coupled with a present ability to do so. These facts were present here.

■■ The only possible question is whether there is sufficient evidence to support the finding that the defendant had the requisite "intent to do bodily harm" to his guard or the other prisoners. This is not to be measured by the secret motive of the actor or some undisclosed purpose merely to frighten, not to hurt. This is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude. The present ability of the defendant to fire the gun, the fact that he pumped a shell into the chamber, flourished the apparently loaded gun in the presence of the others, and threatened some or all that he would shoot unless they did his bidding was quite ample for the trier to conclude that unless the threat alone was enough, the defendant intended bodily harm.

Affirmed.