James **CARLTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 22170.

United States Court of Appeals Ninth Circuit.

May 22, 1968.

George O. Tamblyn (argued) of Keane, Haessler, Bauman & Harper Portland, Or., for appellant.

Mallory C. Walker (argued), Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and BYRNE, District Judge.*

* Honorable William M. Byrne, Senior District Judge, United States District Court, Central District of California, sitting by designation.

BYRNE, District Judge:

The defendant was indicted and tried upon a charge of rape in violation of 18 U.S.C. § 2031. The jury returned a verdict of guilty of assault with intent to commit rape in violation of 18 U.S.C. § 113(a). The actions which are the subject matter of the charges occurred at a Federal Job Corps Center within the District of Oregon. Jurisdiction in this Court is based upon 28 U.S.C. § 1291.

The defendant was a Job Corps worker and the prosecutrix who was a 19-year-old married woman, was a telephone operator employed at the Job Corps Center. The testimony indicated that the defendant stealthily came up behind the prosecutrix, who was not acquainted with him, while she was on duty in the office of an otherwise vacant building. He grabbed her and a struggle ensued in which the prosecutrix was thrown to the floor and her clothing was partially removed. At that moment the switchboard rang. The defendant allowed the prosecutrix to rearrange her clothing and answer the phone. The defendant, however, blocked the only avenue of escape. The prosecutrix attempted to signal the other party on the phone, but her efforts were unavailing. Following the phone conversation, the prosecutrix attempted to dissuade the defendant from any further action by telling him she had cancer. He said that it did not matter and she said "all right" and lay down on the floor. Penetration was accomplished thereafter.

The jury acquitted the defendant of rape, but convicted him on the lesser included offense of assault with intent to commit rape. The errors raised on appeal by the defendant are concerned with the instructions, comments and inquiries of the trial judge to the jury.

■ The first question for consideration is whether or not the trial judge's inquiry as to the likelihood of a verdict being reached was improper. Appellant relies on Brasfield v. United States, 269 U.S. 550, 46 S.Ct. 201, 70 L.Ed. 407, for the proposition that a direct inquiry as to the numerical standing of a jury is improper. Appellant concedes that this was not done in our case, but further relies on Cook v. United States, 254 F.2d 871 (5th Cir. 1958) for the rule that an inquiry which requires an answer revealing the standing of the jury is likewise improper. The trouble with this argument is that the judge's inquiry in our case did not require such an answer. All the trial judge did was to ask how many jurors thought a verdict could be reached and how many felt that one could not be reached. The answer given in no way revealed how many people in either group stood for or against a conviction, nor did it reveal the numerical standing of the jury except as to whether they thought a verdict could be reached. In addition, there is no indication that any attempt was made to urge an agreement upon the jury or to coerce or influence them in any manner. This specification of error is without merit.

The second question is whether or not certain comments of the trial judge to the jury were prejudicial. Prefacing his remarks with the statement that they were merely comments and that the jurors were the sole and exclusive judges of the facts, the judge ventured his opinion that there was no question but that the prosecutrix did not want intercourse and thought she was being raped. He noted the fact that she had a bowel movement during the act was an indication that her participation was involuntary.

■ Various cases are cited by the appellant which condemn unfair and prejudicial comment by a trial judge. Again, however, there is a conspicuous failure by counsel to link the facts of our case to the authority cited. The comments of the judge were in accord with the evidence. Every indication at trial and on this appeal is that the defendant never seriously contended that the prosecutrix was a willing participant. The main theme of the defendant's ar-

guments has always been that the defendant did not have the requisite intent to be guilty. There was nothing argumentative about the judge's comments and he made it clear that the jurors could disregard them as they were the sole and exclusive judges of the facts.

 The major contentions of the appellant relate to the instructions by the trial judge on the issue of intent. The first alleged error was the failure to give the following instruction relating to the crime of rape:

"If you find that the defendant lacked the intent to put the prosecutrix in fear of death or grave bodily harm, you must find the defendant not guilty."

The short answer to this specification is that the requested instruction does not properly state the law and the judge was entirely correct in refusing it. It is well settled that the only intent necessary in such a case is the intent to have carnal knowledge of the prosecutrix by force and without her consent. A proper instruction as to intent was given by the trial judge.

■ The appellant complains that he was entitled to have the jury instructed on some degree of assault lesser than assault with intent to commit rape, the crime of which he was ultimately convicted. There is no indication anywhere of any request for instructions as to simple assault or of any exceptions to the trial court's failure to give such instructions. In order to object on appeal it is necessary that the request for the instruction has been made at trial. Rule 30 F.R.Cr.P., Younger v. United States, 105 U.S.App.D.C. 51, 263 F.2d 735 (1959).

■ The final alleged error in instructions dealt with the judge's response to a question from a juror. The appellant again quotes only part of the instructions and hopes to find comfort from isolated statements. Read in context, the answers to the juror's ques-

tions are clear and complete and adequately state the law in this area. Instructions must be considered as a whole. The jury was properly instructed and we must assume it followed such instructions without confusion. Beck v. United States, 298 F.2d 622, 634 (9th Cir. 1962).

The judgment is affirmed.