UNITED STATES of America,
Plaintiff-Appellee,

v.

Adelbert LONE BEAR and Merceline Cynthia Red Boy,
Defendants-Appellants.

No. 78-1231.

United States Court of Appeals,
Ninth Circuit.

July 31, 1978.

---

Robert L. Zimmerman, Asst. U.S. Atty. (No Appearance), Billings, Mont., for defendants-appellants.

Francis J. McCarvel (argued), Glasgow, Mont., for plaintiff-appellee.

Before BROWNING, CARTER and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

On November 3, 1977, appellant Lone Bear, an Indian, was indicted for the rape of one Angeline Shoots within the boundaries of the Fort Peck Indian Reservation in violation of 18 U.S.C. 1153 and 2031. Appellant Red Boy, another Indian, was also indicted for the rape, as well as aiding and abetting (18 U.S.C. 2). Appellants were tried by jury and convicted. They appealed. We affirm.

Since the facts here are really not at issue, we shall skip the details. Suffice it to say that Angeline Shoots, a female, was forcibly raped against her will by appellant Lone Bear and that Red Boy actively aided and abetted him in the act.

We are presented with three issues:

    I.  Whether the District Court erred in refusing to give appellants' requested jury instruction Nos. 14, 18 and 19.

    II.  Whether the District Court committed plain error by not *sua sponte* instructing the jury as to lesser included offenses.

    III.  Whether the District Court erred in denying appellants' motion to dismiss the indictment.

**I. & II.** *Jury Instructions*

    Appellants contend that the trial court erred by refusing to give some of their proposed instructions and by not *sua sponte* instructing the jury on lesser included offenses. Their contention fails for several reasons: First and foremost is the fact that appellants did not object to the instructions which were given, nor did they request any instructions on lesser included offenses.

Rule 30, F.R.Crim.P. provides in pertinent part that:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Recognizing that they have a problem, appellants next suggest that the District Court's failure to give the instructions was "plain error" under Rule 52(b), F.R.Crim.P. This argument has no merit.

■ Appellants' proposed instruction No. 14 was an instruction on witness identification. In this circuit failure to give an identification instruction is not error. *United States v. Masterson,* 529 F.2d 30, 32 (9th Cir. 1976), *cert. denied,* 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 and *United States v. Amaral,* 488 F.2d 1148 (9th Cir. 1973). Appellants' only response to *Masterson* and *Amaral* is that we "modify" them. This panel cannot undertake the suggested modification.

■ Proposed instructions No. 18 and 19 are instructions on aiding and abetting. The instructions actually given precisely cover the ground of appellants' proposed instructions. There are only insignificant wording changes. As this court recently stated in *United States v. James,* 576 F.2d 223 (9th Cir. 1978):

> "First, neither party, including a criminal defendant, may insist upon any particular language. On the contrary, the trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented. Equally important, the propriety of a given instruction, or the failure to give a particular instruction, is not reviewed in the abstract; rather, the adequacy of the entire charge taken in the context of the whole trial is our proper scope of inquiry. Finally, although a criminal defendant is entitled to an instruction regarding his theory of the case, challenges which merely pertain to the trial judge's language or formulation of the charge are reversible only for an abuse of discretion."
>
> (cites omitted)
>
> (576 F.2d at 226.)

Here we find no abuse of discretion, much less "plain error," in the District Court's formulation of the jury instructions.

Nor do we find under these facts that it was plain error for the District Court not to *sua sponte* instruct on a lesser included offense. *Cf. Himmelfarb v. United States,* 175 F.2d 924, 944 (9th Cir. 1949), *cert. denied,* 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527.[1]

### III. *Motion to Dismiss the Indictment*

After the trial, appellants moved to dismiss the indictment on the grounds that the government had failed to prove that the victim, Angeline Shoots, was not the wife of appellant Lone Bear.

In a state rape prosecution under the laws of Montana (which define rape as "sexual intercourse without consent"), a necessary element of the offense to be alleged and proved by the prosecution is that the victim not be the "spouse" of the defendant. For example, the Montana rape statute (1947 R.C.M. § 94–5–503, as amended February 6, 1975), provides that:

> "(1) A person who knowingly has sexual intercourse without consent with a person *not his spouse* commits the offense of sexual intercourse without consent." (emphasis added)

The question which faces us here is whether or not the government in a federal prosecution for rape must also allege and prove as an element of the offense that the victim was not the wife of the defendant.

Our analysis begins with the federal statutes, 18 U.S.C. 1153 and 2031. Prior to May 29, 1976, the crime of rape under 1153 was defined "in accordance with the laws of the State in which the offense was committed. . . ." If this section were still in effect then we would look to Montana law for a definition of rape. And, as discussed above, an element of rape in Montana is that the victim not be a "spouse." However, on May 29, 1976, 1153 was amended such that only offenses "which are not defined and punished by Federal law" in force within the exclusive jurisdiction of the United

---

1. *See also United States v. Carey,* 475 F.2d 1019, 1022 (9th Cir. 1973), where we held that failure to request a lesser included offense instruction was fatal to appellant's claim of error.

States are to be defined by the laws of the state where the offense was committed. Therefore, we look only to Montana's definition of rape if rape is not "defined and punished by Federal law."

We find that the offense of rape is defined and punished by Federal law. The legislative history of the amendment to § 1153 supports this conclusion. For example, House Report No. 94–1038 states that:

"Section 2 of the bill makes several changes in section 1153 of title 18, United States Code.

"First, . . . it provides that the crimes of rape . . . shall be defined and punished in accordance with Federal law."

1976 U.S.Code Cong. and Admin.News 94th Cong. 2nd Sess., p. 1129.

The federal punishment for rape is set forth in 18 U.S.C. § 2031, which provides:

"Whoever, within the special maritime and territorial jurisdiction of the United States, commits rape shall suffer death, or imprisonment for any term of years or for life."

The federal definition of rape is set forth by case authority and does not include as an essential element of the definition that the victim not be the wife of the accused. For example, in *Williams v. United States,* 327 U.S. 711, 715, 66 S.Ct. 778, 780, 90 L.Ed. 962 (1946), the Supreme Court stated that, "the federal crime of rape carries with it the requirement of proof of the use of force by the offender and of an absence of consent by the victim. *Oliver v. United States* (CCA 9th), 230 F. 971." And, in *Henry v. United States,* 432 F.2d 114, 119 (9th Cir. 1970), *modified,* 434 F.2d 1283, *cert. denied,* 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625 (1971), this court noted that "federal courts generally define rape [as] . . . carnal knowledge of a female by force without her consent." *Accord, United States v. Smith,* 574 F.2d 988, 990 (9th Cir. 1978); *Carlton v.*

*United States,* 395 F.2d 10, 12 (9th Cir. 1968), *cert. denied,* 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574.

█ Because rape is defined and punished by Federal law, we hold that the government does not have to allege as an element of the offense that the victim is not the wife of the defendant. Nor does the government have to prove at trial that the victim is not the wife of the defendant absent some colorable indication raised by the evidence or the defendant that the victim is in fact married to the defendant. In a federal prosecution for rape under 18 U.S.C. §§ 1153 and 2031, it is sufficient that the prosecution allege and then prove that the defendant had carnal knowledge of a female by force without her consent.[2]

We do not intimate by our holding here that Lone Bear, under a federal prosecution, could have been found guilty of raping his wife. The traditional rule is that "[a] man does not commit rape by having sexual intercourse with his lawful wife, even if he does so by force and against her will." R. Perkins, *Criminal Law* 2d Ed.1969 § 6B p. 156. Whether this traditional rule applies in a federal prosecution under sections 1153 and 2031 we need not decide today. Here we are merely suggesting that, if the traditional rule applies, the government need not prove the negative (i. e., that the rape victim was "not his wife") when there is no colorable indication raised by the defendant or the evidence that the victim was in fact his lawful wife. In essence, the issue of whether or not the victim is married to the defendant is at most a defense to be raised by the defendant. In this case there was no indication either by the defendants or the evidence which even remotely suggested that the victim, Angeline Shoots, was, or ever had been, legally married to appellant Lone Bear. Absent such an indication, it is unnecessary for the government to prove that which was not at issue.

**2.** We also find support in this conclusion by comparing 18 U.S.C. 2031 with 18 U.S.C. 2032. The latter, in defining carnal knowledge of a female under the age of sixteen years, expressly requires proof that the victim is "not his

wife." As pointed out, § 2031 and the decided cases do not. We think it is fair to assume that Congress intended this distinction and cast a greater initial burden on the government in prosecutions under § 2032.

Therefore, the District Court properly denied appellants' motion to dismiss the indictment where that motion was made on the grounds that the government failed to prove that the victim was not the wife of Lone Bear.

Other issues raised by appellants have been studied and found to be devoid of any merit.

AFFIRMED.