**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John ADDISON, Defendant-Appellant.**

**No. 79–2004.**

United States Court of Appeals,
Tenth Circuit.

Argued Dec. 16, 1980.

Decided Jan. 14, 1981.

Daniel G. Blythe, Cheyenne, Wyo., for defendant-appellant.

Jeffrey C. Fisher, Asst. U. S. Atty., Cheyenne, Wyo. (Charles E. Graves, U. S. Atty., Cheyenne, Wyo., with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Defendant appeals his conviction and sentence for assault with a dangerous weapon occurring on an Indian reservation, in violation of 18 U.S.C. § 1153 and 18 U.S.C. § 113(c).

The district court record reflects that the defendant was arraigned on February 20, 1979. Trial was held 135 days later, on July 5, 1979. Our recent decision in *United States v. Coffman,* 638 F.2d 192 (10th Cir. 1980), makes clear that the mandatory dismissal sanction of the Speedy Trial Act, 18 U.S.C. § 3162(a)(2), 3163(c) (prior to amendment of August 2, 1979), does not apply to this case.

The defendant also contends that the trial judge should have instructed the jury on the assault charge on the basis of Wyoming rather than federal law. As 18 U.S.C. § 1153 prescribes, assault with a dangerous weapon committed on an Indian reservation must be defined and punished by federal law if there exists a federal definition and punishment for that crime. The federal punishment for assault with a dangerous weapon is set forth in 18 U.S.C. § 113(c). The federal definition of that crime is set forth by case authority. *See United States v. Anderson,* 425 F.2d 330 (7th Cir. 1970); *Brundage v. United States,* 365 F.2d 616 (10th Cir. 1966); *Shaffer v. United States,* 308 F.2d 654 (5th Cir. 1962), *cert. denied,* 373 U.S. 939, 83 S.Ct. 1544, 10 L.Ed.2d 694 (1963); 2 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions,* § 42.04 (3d ed. 1977) (cited with approval in *United States v. Nerone,* 563 F.2d 836, 849 (7th Cir. 1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1577, 55 L.Ed.2d 801 (1978). *Cf. United States v. Lone Bear,* 579 F.2d 522 (9th Cir. 1978) (federal punishment for rape set forth in 18 U.S.C. § 2031; federal definition of rape set forth by case authority); *United*

*States v. Grimes,* 413 F.2d 1376, 1378 (7th Cir. 1969) (in assault on federal officer case, finding that common law defenses to prosecutions for assault recognized by federal court despite their absence in federal statutory laws). *See generally* Indian Crimes Act of 1976, Pub.L.No. 94–297, [1976] U.S. Code Cong. & Ad.News, p. 1129. Thus, defendant's contention is without merit.

AFFIRMED.