9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard Franklin MILLER, Defendant-Appellant.
 No. 92-30163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 4, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leonard Frank Miller appeals his conviction following a jury trial for assault with a deadly weapon, with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(c). He contends that the evidence was insufficient to support his conviction. We affirm.
 
 
 3
 We review the sufficiency of evidence to determine "whether, viewing the evidence ... in the light most favorable to the government, a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt." United States v. Guilbert, 692 F.2d 1340, 1343 (9th Cir.1982).
 
 
 4
 Conviction under 18 U.S.C. § 113(c) requires proof of (1) an assault; (2) with a dangerous weapon; and (3) with specific intent to do bodily harm. Id. at 1344; United States v. Gibson, 896 F.2d 206, 209 (9th Cir.1990). Assault means both criminal assault, an attempt to commit a battery, and tortious assault, placing another in reasonable apprehension of imminent bodily harm. Guilbert, 692 F.2d at 1343. The intent to do bodily harm
 
 
 5
 'is not to be measured by the secret motive of the actor or some undisclosed purpose merely to frighten, not to hurt. This is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude.'
 
 
 6
 Id. at 1344, quoting United States v. Shaffer, 308 F.2d 654, 655 (5th Cir.1962) (per curiam), cert. denied, 373 U.S. 939 (1963).
 
 
 7
 Miller concedes that he assaulted Greg Gilkey with a dangerous weapon but argues that the evidence was insufficient to prove that he had the intent to cause bodily injury to Gilkey. We disagree. Gilkey testified that Miller pointed a loaded .44 magnum at him three times, and cocked the trigger a "couple of times." According to Gilkey, Miller told him to "shut up and stay out of it." He also testified that Miller fired the gun several times. Miller's father testified that Miller never pointed the gun at Gilkey.
 
 
 8
 The weight and credibility of conflicting testimony are issues for the jury to resolve. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Viewing the evidence in the light most favorable to the government, a reasonable jury could find that Miller intended to inflict bodily injury.
 
 
 9
 Miller contends that the evidence was insufficient because no one was harmed and it would have been easy for him to have done so, had that been his intent. Presumably, his only intent was to exclude Gilkey from the argument. He argues that his intent "must not be something that we merely suspect will be formulated ... if a threat or command is not carried out."
 
 
 10
 This argument is meritless. First, we do not measure his intent by his "secret motive to merely frighten, not to hurt." Guilbert, 692 F.2d at 1344. Second, his reasoning would require the assailant to carry out his threat and attempt a battery. Under § 113(c), however, assault includes both an attempted battery and placing another in reasonable apprehension of imminent bodily harm. A conviction under this section does not require us to wait to see whether the assailant will carry out his threat.
 
 
 11
 A reasonable jury could find that Miller intended to inflict bodily injury on Gilkey. The jury could believe that the only reason Gilkey wasn't hurt is because he responded to Miller's threat.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3