UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51202
SUMMARY CALENDAR
_____

United States of America,

Plaintiff - Appellee

v.

Juan Antonio Ortegon,

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Western District of Texas, El Paso
(EP-01-CR-1050-ALL-DB)

_____

June 17, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

On June 4, 2001, Defendant Juan Antonio Ortegon drove his car from Mexico into the

primary inspection lane of the Paso del Norte port of entry in El Paso, Texas. Once there, a

canine narcotics unit alerted officers to the car. Officer Eric Lawson opened the passenger door,

leaned inside the car, and asked Ortegon to give him the keys. Ortegon then tried to drive off.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

Lawson pushed dog clear of the car and jumped into the passenger seat to avoid being struck by the car.  Once inside, he tried to turn off the ignition, but Ortegon began to punch him in the face.  Another officer stopped the vehicle by rupturing its front tire.  The vehicle came to a stop at a cement barrier.  It never made it out of the inspection area.  Officer Lawson sustained injuries including scrapes and bruises on his face.

Officers found 45.13 kilograms of marijuana in the car, and Ortegon was charged with assaulting a federal officer by inflicting bodily injury, importing marijuana, and possession of marijuana with intent to distribute.  He pled guilty on all three counts.

The presentence report (PSR) recommended a base level of 15 for the assault offense under § 2A2.2(a) of the U.S. Sentencing Guidelines.  The PSR also recommended a 4-level increase under § 2A.2(b)(2)(B) based on the probation officer's finding that Ortegon had used his car as a dangerous weapon.  The district court adopted these findings and sentenced Ortegon to concurrent terms of 70 months on the assault counts and 60 months on each drug count.

In this appeal, Ortegon argues that the district court erred in applying the upward departure for use of a dangerous weapon because the Government failed to prove that he had used his car with an intent to commit bodily injury.  He argues that his intent was merely to flee and that without proof of his intent to commit bodily injury, the court could not impose the 4-level increase.

When reviewing a sentence imposed under the sentencing guidelines, we review the district court's application of the guidelines de novo and its findings of fact for clear error.  See United States v. Santana-Castellano, 74 F.3d 593, 596 (5th Cir. 1996).  An individual violates 18 U.S.C. § 111 if he forcibly assaults any officer of the United States while that officer is engaged in

the performance of official duties. See 18 U.S.C. § 111(a)(1). Under Sentencing Guideline § 2A2.2, aggravated assault is a base level 15 offense, but a court can increase the offense level by 4 if a dangerous weapon was otherwise used. See U.S.S.G. § 2A2.2(a) & (b)(2)(B). The first application note under § 2A2.2 defines "dangerous weapon" to include a car, but only "if such an instrument is involved in the offense with the intent to commit bodily injury." U.S.S.G. § 2A2.2 cmt. n1. In United States v. Morris, 131 F.3d 1136 (5th Cir. 1997), this Court found a car to be a dangerous weapon when it was used to ram another vehicle. Id. at 1139. We also found it relevant that the defendant used the car to flee from law enforcement authorities at a high rate of speed. Id. The intent to do bodily harm is not measured by the actor's subjective motivation. See United States v. Perez, 897 F.2d 751, 753 (5th Cir. 1990). It is measured objectively, by what one in the victim's position might reasonably conclude from the actor's conduct. Id.; Shaffer v. United States, 308 F.2d 654, 655 (5th Cir. 1962).

Whether Ortegon used his car as a dangerous weapon is a finding of fact that we must review for clear error only. As long as the finding is plausible in light of the entire record, it cannot be clearly erroneous. See United States v. Alford, 142 F.3d 825, 831 (5th Cir. 1998). Intent to cause bodily harm can certainly be inferred from Ortegon's conduct. He attempted to drive away while his car door was open and an officer was standing next to his vehicle, partially inside it. The officer had to push the dog out of harm's way and had to jump into the car to avoid being hit himself. The district court did not clearly err by inferring an intent to commit bodily harm from this conduct.

In any event, the PSR generally bears "sufficient indicia of reliability to be considered as evidence" during sentencing. United States v. Hornsby, 88 F.3d 336, 339 (5th Cir. 1996); United

-3-

States v. Londono, 285 F.3d 348, 354 (5th Cir. 2002). A defendant challenging the findings of a PSR bears the burden of showing that the findings cannot be relied upon because they are materially untrue, inaccurate, or unreliable. See Londono, 285 F.3d at 354. In the PSR, the probation officer found that Ortegon had used his car as a dangerous weapon. Ortegon did not convince the district court that the probation officer's finding was materially untrue, inaccurate, or unreliable, and we are not persuaded that the district court clearly erred in adopting the PSR.

Accordingly, we AFFIRM Ortegon's sentence.