**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATIONAL ASSOCIATION OF
AGRICULTURE EMPLOYEES,
                    *Petitioner,*

            v.

FEDERAL LABOR RELATIONS
AUTHORITY,
                    *Respondent,*

            and

CUSTOMS AND BORDER PROTECTION,
                    *Intervenor.*

No. 06-71671

FLRA No.
WA-RP-04-0067

OPINION

On Petition for Review of an Order of the
Federal Labor Relations Authority

Argued and Submitted
October 16, 2006—Pasadena, California

Filed January 10, 2007

Before: John R. Gibson,* Raymond C. Fisher and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Fisher

---

*The Honorable John R. Gibson, Senior United States Circuit Judge for
the Eighth Circuit, sitting by designation.

## COUNSEL

Kim D. Mann (argued) and Kathleen C. Jeffries, Scopelitis, Garvin, Light & Hanson, P.C., Washington, D.C., for petitioner National Association of Agriculture Employees.

William R. Tobey and William E. Persina (argued), Washington, D.C., for respondent Federal Labor Relations Authority.

Peter D. Keisler, William Kanter and Howard S. Scher (argued), Civil Division, U.S. Department of Justice, Washington, D.C., and Julie A. Murphy, Office of the Chief Counsel, Bureau of Customs and Border Protection, for intervenor Customs and Border Protection.

Gregory O'Duden, Elaine Kaplan, Larry J. Adkins and Robert H. Shriver, III, Washington, D.C., for amicus National Treasury Employees Union.

## OPINION

FISHER, Circuit Judge:

We must decide whether a determination by the Federal Labor Relations Authority (FLRA) that certain government employees are professionals is an order involving an appropriate collective bargaining unit determination. If it is, we lack jurisdiction to review it under the Federal Service Labor-

Management Relations Statute (FSLMRS), 5 U.S.C. §§ 7101 *et seq.*[1]

The National Association of Agriculture Employees (NAAE) is a union that until recently represented federal agricultural inspectors stationed at the nation's borders and ports. NAAE challenges the FLRA's finding that the inspectors are not "professional employees" under the FSLMRS and consequently do not have the right to vote themselves into a professionals-only collective bargaining unit. We hold that the FLRA's professional status finding in this case was a component of an appropriate unit determination. Since § 7123(a)(2) precludes review of such determinations, we dismiss for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

In November 2002, the President signed the Homeland Security Act of 2002 (HSA), Pub. L. No. 107-296, 116 Stat. 2135, which restructured and combined several preexisting executive branch agencies to form the new Department of Homeland Security (DHS). One of the new bureaus within DHS is Customs and Border Protection (CBP), which combines elements of the former Customs Service, Immigration and Naturalization Service, Border Control and the Department of Agriculture's Plant Protection and Quarantine (PPQ) agency. Among the employees transferred into CBP are approximately 1500 former PPQ officers responsible for preventing the introduction into the United States of animal and plant pests and diseases that could harm this country's agriculture. PPQ officers inspect individuals, baggage and cargo arriving from foreign countries at the nation's borders, airports and sea ports. After their reassignment to DHS, PPQ officers retained nearly all of their former duties but received the new job title "agriculture specialist."

---

[1]All statutory references herein are to Title 5 of the United States Code unless otherwise specified.

Before CBP's creation, the employee groups from each of its legacy agencies were divided into seven collective bargaining units represented by five different unions. Among these was a unit of professional agricultural employees comprised of all PPQ specialists, and represented by NAAE. One year after its formation CBP filed a clarification of unit petition under § 7111(b) with the FLRA proposing a new bargaining unit structure aimed at consolidating the units that were the legacy of the old structure. CBP's proposal included two units: one consisting of border patrol employees and a second, "wall-to-wall" unit consisting of all other CBP employees, including agricultural specialists. Though the petition requested just these two units, CBP later recognized that the wall-to-wall unit might ultimately be split into separate professional and nonprofessional employee units under the terms of § 7112(b)(5). That provision prohibits the inclusion of professionals and nonprofessionals in a single unit unless a majority of professionals vote to join the nonprofessional unit.

NAAE opposed CBP's proposed wall-to-wall unit insofar as it included the employees NAAE represented. NAAE filed a competing petition requesting a separate unit for agricultural specialists, who the FLRA had for several years deemed to be professionals.[2] CBP opposed NAAE's petition arguing that NAAE's suggested unit was not appropriate and that agriculture specialists were not professional employees as defined by the FSLMRS.

The FLRA referred the matter to a regional director to conduct a hearing. *See* 5 U.S.C. § 7105(e)(1). In a written decision, the regional director concluded that CBP's proposed units were appropriate, that NAAE's proposed agricultural employees units were not and that agricultural specialists are

---

[2]NAAE also filed a second petition requesting an additional unit for nonprofessional PPQ employees known as agricultural technicians, who had been represented by NAAE and another union. The FLRA denied that petition and NAAE does not challenge that determination here.

not professionals. The regional director accordingly scheduled an election for employees in the new CBP units to vote for a union representative and for professional employees to vote on whether they wanted to be included in the wall-to-wall unit with nonprofessionals. NAAE appealed the decision to the FLRA, which in a written opinion affirmed the regional director on all relevant grounds. *United States Dep't of Homeland Sec. Bureau of Customs and Border Protection*, 61 F.L.R.A. No. 92, 2006 WL 297220 (Feb. 3, 2006). NAAE then filed a timely petition for review in this court pursuant to § 7123(a).

While its petition for review was pending, NAAE also moved the FLRA to stay the election pending the appeal before us. The FLRA denied the motion, concluding that NAAE was unlikely to succeed on the merits of its appeal because, among other reasons, this court lacks jurisdiction. *See Nat'l Ass'n of Agric. Employees*, 61 F.L.R.A. No. 101, 2006 WL 1168858 (Apr. 18, 2006).

## STANDARD OF REVIEW

We determine our own subject matter jurisdiction de novo. *See Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221 (9th Cir. 2004). Although we typically defer to an agency's interpretation of the statute it is charged with administering, *see Herman v. Tidewater Pacific, Inc.*, 160 F.3d 1239, 1241 (9th Cir. 1998), agencies are generally considered to have no special expertise in construing provisions involving the jurisdiction of federal courts. *See United States v. Corey*, 232 F.3d 1166, 1183 (9th Cir. 2000). We therefore need not defer to the FLRA's conclusion that we lack jurisdiction.

## DISCUSSION

[1] The FSLMRS grants federal circuit courts jurisdiction to review final orders of the FLRA subject to two exceptions, one of which is relevant here:

(a)   Any person aggrieved by any final order of the Authority *other than an order under—*

. . .

(2)   *section 7112 of this title (involving an appropriate unit determination),*

may . . . institute an action for judicial review of the Authority's order in the United States court of appeals in the circuit in which the person resides or transacts business.

5 U.S.C. § 7123(a) (emphasis added). "The plain language of the statute clearly states that we have jurisdiction over all final orders from the FLRA, with one of the two exceptions being orders issued under § 7112." *Eisinger v. FLRA*, 218 F.3d 1097, 1101 (9th Cir. 2000). The FLRA argues that its order in this case involved an appropriate unit determination and thus we lack jurisdiction under § 7123(a)(2). We agree.

**[2]** To resolve whether the FLRA's decision that agricultural specialists are not professionals is an "order under . . . section 7112 . . . (involving an appropriate unit determination)," we look first to the text of the statute. *See Eisinger*, 218 F.3d at 1102 ("[T]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." (citation omitted)). Section 7112 specifies two mandatory considerations for determining unit appropriateness. First, under § 7112(a), the FLRA is required to decide whether the proposed unit ensures "a clear and identifiable community of interest" and whether it "promote[s] effective dealings with, and efficiency of the operations of the agency involved." 5 U.S.C. § 7112(a); *see also Dept't of the Navy, Navy Publ'ns and Printing Serv. Branch Office, Vallejo, Cal.*, 10 F.L.R.A. 659, 660 (1982) ("[I]n order to be found appropriate, a proposed unit must meet all three of the . . . criteria."). Second, under § 7112(b),

the FLRA is absolutely prohibited from finding a unit appropriate if it includes certain classes of employees, such as managers, confidential employees and intelligence officers; and — relevant here — conditionally prohibited from combining professional employees with nonprofessionals. 5 U.S.C. § 7112(b). Thus, in investigating unit appropriateness the FLRA "not only applies the criteria for determining appropriateness contained in section 7112(a)[ ] but also ensures that the unit does not contain excluded categories of employees identified in section 7112(b)(1)-7112(b)(7)." *Eisinger*, 218 F.3d at 1101-02 (quoting Robert T. Simmelkjaer, *Representation and Election*, *in* Federal Civil Service Law and Procedures 213, 216 (Ellen M. Bussy ed., 1990)).

**[3]** With respect to professional employees, § 7112 specifies that "[a] unit shall not be determined to be appropriate . . . if it includes . . . both professional employees and other employees, unless a majority of the professional employees vote for inclusion in the unit." 5 U.S.C. § 7112(b)(5). Professional employees are therefore presumptively members of their own unit. That presumption is rebutted when the professionals vote to be included in a unit with nonprofessionals.

**[4]** The statute defines professional employees at § 7103(a)(15) by listing four conjunctive criteria: advanced education, application of discretion, intellectual predominance and nonstandardization. If the employee's work meets all four of the criteria, the employee is a professional. 5 U.S.C. § 7103(a)(15). This definition applies only to the FSLMRS, *see* 5 U.S.C. § 7103(a), and the term is used only once in the statute, in § 7112(b)(5).[3] The FLRA has accordingly remarked that "[t]he term ['professional employee'] is relevant primarily to the determination of appropriate bargaining units under section 7112." *Int'l Fed. of Prof'l and Technical Eng'rs Local*

---

[3]The term does appear at several other places in the United States Code, most notably in the National Labor Relations Act, *see* 29 U.S.C. §§ 159, 762, 783, which employs a similar definition. *See* 29 U.S.C. § 152.

*25*, 13 F.L.R.A. 433, 438 (1983) (quoting H.R. Rep. No. 95-1403, 95th Cong., 2d Sess. 41 (1978)).

**[5]** From this statutory scheme we conclude that when the FLRA decides professional status it typically, if not always, does so as a necessary and integral component of an appropriate unit determination.[4] Employing the language of unit appropriateness, § 7112(b)(5) mandates that professional employees not be joined with nonprofessionals in a single unit without an opt-in vote. If professional status is contested in an appropriate unit determination proceeding, the FLRA is required by the statute to apply the four criteria listed in § 7103(a)(15) to resolve the dispute. Its failure to do so would violate the statute by risking the joinder of professionals and nonprofessionals. In such a case, the FLRA's resolution of the employee's status is a required element of the appropriate unit determination and thus part of an "order under . . . section 7112." *See* 5 U.S.C. § 7123(a)(2).

**[6]** This is such a case. This dispute arose in response to CBP's request for unit clarification under § 7111. The purpose of CBP's petition was to obtain the FLRA's approval of a new bargaining unit structure for CBP employees. One element of the new structure was the redesignation of agricultural specialists as nonprofessionals, thereby negating any need to give the specialists the opportunity to vote themselves into the wall-to-wall bargaining unit in which CBP placed them. When NAAE disputed the agricultural specialists' change in status, the FLRA was required to apply the

---

[4]NAAE cites several FLRA decisions in which NAAE contends the FLRA decided professional status outside of an appropriate unit determination. *See, e.g.*, *Dep't of the Army U.S. Army Corps of Eng'rs, Los Angeles Dist.*, 56 F.L.R.A. 973 (2000); *U.S. Dep't of Veterans Affairs, Med. Ctr. Coatesville, PA*, 56 F.L.R.A. 966 (2000). We need not determine whether NAAE's characterization of these decisions, which involve very different circumstances, is correct. The only question before us is whether an FLRA professional status finding in circumstances such as those present here is part of an appropriate unit determination.

§ 7103(a)(15) criteria. NAAE's challenge was thus an attack on the appropriateness of CBP's proposed unit structure because, if NAAE had been right, CBP's unit would be, in the language of the statute, "not . . . appropriate." *See* 5 U.S.C. § 7112(b). By asking us to revisit and reverse the FLRA's professional status determination, NAAE asks us to do precisely what § 7123(a)(1) forbids: reverse the FLRA's appropriate unit determination. We therefore lack jurisdiction.

NAAE argues that the FLRA's professional status ruling was not a component of its appropriate unit determination but instead an adjudication regarding a special right to self determination granted by § 7112(b)(5) — the right of professionals to cast a vote to determine for themselves which bargaining unit to join. We agree that professionals' ability to vote for unit assignment is properly characterized as a right. *See Leedom v. Kyne*, 358 U.S. 184, 189 (1958) (characterizing as a "right" the voting privilege granted to a private sector professional employee under similar provisions of the NLRA). However it is a right given only to professionals, and the antecedent question of whether agricultural specialists are professionals was in this case a portion of the FLRA's appropriate unit determination. We lack jurisdiction to review that finding.[5]

We find similarly unavailing NAAE's argument that we have jurisdiction because CBP's petition was brought under § 7111 rather than § 7112. "Ordinarily, the investigation of a . . . petition under § 7111 results in an appropriate unit determination under § 7112." *Eisinger*, 218 F.3d at 1102. In fact, it is the "atypical case where a [clarification of unit] petition

---

[5]If, however, it were beyond dispute that agricultural specialists are professionals and the FLRA still denied them their right to vote, then NAAE could challenge the FLRA's denial in a federal district court under *Leedom. See Nat'l Treasury Employees Union v. FLRA*, 112 F.3d 402, 406 (9th Cir. 1997) (per curiam) ("If the FLRA acts 'in excess of its delegated powers and contrary to a specific [statutory] prohibition,' district courts have jurisdiction[.]" (quoting *Leedom*, 358 U.S. at 188)). NAAE does not contend that the *Leedom* doctrine applies here.

filed under § 7111 does not implicate § 7112." *Id.* This is not the atypical case. Rather, CBP's initial petition for unit clarification asked the FLRA "to exercise its Authority under §§ 7105(a)(2), 7111(b) *and 7112* to determine the appropriate bargaining units . . . within CBP." (emphasis added). It is undisputed that, in response to the petition, the FLRA made an appropriate unit determination. It is therefore of no moment that the petition was filed pursuant to § 7111. We also reject NAAE's claim that the FLRA's ruling was made under § 7103(a)(15), which defines "professional employee." Section 7112(b) incorporates the criteria listed in § 7103(a)(15). Thus when the FLRA applied those criteria in this case it was doing so as a part of its appropriate unit determination.

**[7]** Accordingly, we hold that where, as here, the FLRA makes an appropriate unit determination and in doing so adjudicates an employee's professional status to satisfy itself that the units selected are appropriate, we lack jurisdiction to review that status finding.[6]

## CONCLUSION

Section 7123(a)(2) precludes judicial review of the FLRA's decision in this case that agricultural specialists are nonprofessionals. We therefore dismiss for lack of jurisdiction.

**DISMISSED.**

---

[6]We do not reach whether the FLRA's unit determination might be reviewed indirectly through an appeal from an unfair labor practice charge. *See Ass'n of Civilian Technicians, Inc. v. FLRA*, 283 F.3d 339, 342 (D.C. Cir. 2002); *Twin City Hospital Corp. v. NLRB*, 889 F.2d 1557, 1559 & n.2 (6th Cir. 1989) (stating in the context of parallel provisions of the NLRA that a professional status determination was reviewable in this manner).