**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>DANNY JOSEPH FABRICANT,<br><br>       Defendant - Appellant. | No. 09-50657<br><br>D.C. No. 2:03-cr-01257-RSWL-1<br><br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>DANNY JOSEPH FABRICANT,<br><br>       Defendant - Appellant. | No. 10-50032<br><br>D.C. No. 2:03-cr-01257-RSWL-1 |
| UNITED STATES OF AMERICA,<br><br>       Plaintiff - Appellee,<br><br>  v. | No. 12-50065<br><br>D.C. No. 2:03-cr-01257-RSWL-1 |

     *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DANNY JOSEPH FABRICANT,

Defendant - Appellant.

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted January 9, 2013
Pasadena, California

Before:    GOODWIN and W. FLETCHER, Circuit Judges, and KORMAN,
Senior District Judge.[**]

The government's January 28, 2013 motion for miscellaneous relief is granted. This court's memorandum disposition dated January 23, 2013 is hereby withdrawn.

Defendant Daniel Joseph Fabricant appeals his convictions for distribution of methamphetamine, conspiracy to distribute methamphetamine, and possession with intent to distribute methamphetamine. Fabricant appeals his statutory mandatory minimum sentence of life without parole pursuant to 21 U.S.C. § 841(b)(1)(B)(viii) (No. 09-50657). Finally, Fabricant appeals the denial of two

---

[**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

motions in the district court: a motion for return of property (No. 10-50032), and a motion for a protective order to preserve evidence (No. 12-50065). We have jurisdiction pursuant to 18 U.S.C. § 1291. We remand No. 10-50032 and otherwise affirm.

## I.     Trial and Sentencing Claims, 09-50657

### a.     Valid waiver of right to counsel

Fabricant represented himself at various stages through his first and second trial, sometimes with appointed advisory counsel or co-counsel. He argues in part that his waiver of counsel was not valid under *Faretta* because it was not knowing, voluntary, and intelligent. *See Faretta v. California*, 422 U.S. 806, 807 (1975); *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987). We review de novo a waiver of the right to counsel. *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2008).

We hold that Fabricant had an adequate on-the-record *Faretta* colloquy and that his waiver of his right to counsel was valid. Although the district court's colloquy in his first proceeding was both late and insufficient under *Faretta*, Fabricant had already received an adequate colloquy from the magistrate judge at his first appearance. His valid waiver at that appearance carried over into his subsequent proceedings. *United States v. Hantzis*, 625 F.3d 575, 581 (9th Cir.

3

2010) (citing *United States v. Springer*, 51 F.3d 861, 864-65 (9th Cir. 1995)); *see also White v. United States*, 354 F.2d 22, 23 (9th Cir. 1965). The Presentence Report indicated that Fabricant waived counsel in six prior court proceedings, which included two full jury trials, and he told the magistrate judge that he had represented himself thirty times, including in federal prosecutions.

b.    Unreasonable restriction on access to materials and resources

Fabricant argues his *Faretta* rights were violated because his access to materials to prepare a defense was unreasonably infringed. *See United States v. Robinson*, 913 F.2d 712, 717 (9th Cir. 1990); *Milton v. Morris*, 767 F.2d 1443, 1445 (9th Cir. 1985). We review the district court's factual findings on access to materials for clear error, *United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir. 1995), and review the reasonableness of the trial court's restrictions for abuse of discretion, *Robinson*, 913 F.2d at 718. Fabricant has not shown that his access was unreasonable; he is entitled to *some* access, not the access he would most prefer. *Id*. It is clear from the record that the restrictions on Fabricant's access did not approach the restrictions in *Milton*, and were not dissimilar from those in *Robinson*. He has not shown a violation of his *Faretta* rights.

c.    Co-counsel did not usurp representation

At the second trial, the district court granted Fabricant's request to have appointed advisory counsel elevated to co-counsel. Fabricant argues that co-counsel impermissibly usurped representation and thus violated his right to self-representation under *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984). The parties dispute the standard of review, but we hold that Fabricant's claim fails even under de novo review.

Any participation by co-counsel to which the defendant expressly consents is "constitutionally unobjectionable," and an invitation to counsel to participate "obliterates" any claims that such participation deprived the defendant of his rights. *Id*. at 182. Agreement by the defendant to have counsel participate is presumed to remain in place until the defendant objects. *Id.* Fabricant made no objections to the district court about the actions he now claims violated his constitutional rights. Although it would perhaps be unfair to force Fabricant to object to usurpation if he was unaware of the intrusion, Fabricant has not shown that to be the case here. He has pointed to no particular act or illegal usurpation of which he did not become aware before the end of trial.

Fabricant has also failed to show that his rights were violated when his co-counsel attended a sidebar conference alone. His case is notably different from *Frantz v. Hazey*, 533 F.3d 724 (9th Cir. 2008) (en banc). The record suggests that

Fabricant was in court at the time, that he had requested co-counsel, and that he had agreed to a much larger role for co-counsel. Further, the record provides no information as to the content of the sidebar. There is thus no indication that his *Faretta* rights were violated. *See id*. at 732.

d. Right to presence at sidebar conference

In addition to arguing that his *Faretta* rights were violated because he was not included at an end-of-trial sidebar, Fabricant further claims his constitutional right to be present was violated by his alleged exclusion. *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam). Because Fabricant does not indicate any other specific bench conferences or sidebars from which he was excluded, we presume he bases this claim on the same sidebar indicated in his *Faretta* arguments.

The defendant has a right of presence "whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge. . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *United States v. Long*, 301 F.3d 1095, 1102 (9th Cir. 2002) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 108 (1934)). Even if Fabricant had shown that he had a right to be at the sidebar in question, we hold that he waived

6

this right.  In the absence of such a waiver, any error was harmless.  *Rose v. Clark*,

478 U.S. 570, 576 (1986).

> e.  Admission of testimony from first trial

Fabricant argues that the trial court erred by allowing the prosecution at his

second trial to read to the jury portions of his testimony from his first trial.

Fabricant did not take the stand at his second trial.  He contends that the testimony

should not have been admitted because it falls under the rule of *Harrison v. United

States*, 392 U.S. 219 (1968).  Alternatively, he argues that he should have been

permitted to introduce the entirety of his testimony pursuant to Federal Rule of

Evidence 106.  The standard of review is disputed, but we find that Fabricant's

claims fail regardless of the standard applied.

We hold that the *Harrison* exception to the rule that a defendant's prior

testimony is admissible in a subsequent proceeding does not apply in this case.

The government has met its burden to show that Fabricant did not testify at his first

trial in order to impeach the testimony of the confidential informant.  Instead, he

testified to present an independent narrative of events and challenge the factual

claims of the state; this motivation to testify was unrelated to the district court's

error in limiting cross-examination of the confidential informant about his criminal

acts.

7

We further hold that there was no error under Rule 106. This rule can be used to admit a complete statement or additional statement "to correct a misleading impression" created by the other party's admission of parts of the statement out of context. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996). Fabricant has made no showing, at trial or on appeal, that the whole transcript or additional excerpts were needed to clarify or correct misleading impressions given by the government's excerpts.

f.      Right to testify in narrative form

Fabricant argues that the district court infringed on his right to testify when it required that, should he take the stand, co-counsel examine him in question-and-answer format. "[A] defendant's claim that he was deprived of his Sixth Amendment right to testify is reviewed de novo." *United States v. Pino-Noriega,* 189 F.3d 1089, 1094 (9th Cir. 1999).

"Restrictions on a defendant's right to testify violate the Constitution only when they are arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Gallagher*, 99 F.3d 329, 332 (9th Cir. 1996). Given the district court's experience with Fabricant's testimony at his first trial, prior statements in court, and opening statement, it cannot be said that this limited restriction was arbitrary or disproportionate.

g.     Right to a simple possession instruction

Fabricant argues that the district court erred in failing to give a simple possession instruction regarding his possession with intent to distribute charge. Because Fabricant failed to object below, we review for plain error. Even if the district court erred, any error was not plain. *See United States v. Lone Bear*, 579 F.2d 522, 523–24 (9th Cir. 1978).

h.     Cumulative error under the Fifth Amendment

"In some cases, although no single trial error examined in isolation is sufficiently prejudicial to warrant reversal, the cumulative effect of multiple errors may still prejudice a defendant." *United States v. Wilkes*, 662 F.3d 524, 542 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 2119 (2012) (quoting *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996)) . Fabricant has not shown multiple errors, let alone cumulative errors that produce sufficient prejudice to warrant a new trial.

i.     Failure to grant a new hearing under 21 U.S.C. § 851

Fabricant argues that the district court erred in refusing to grant a new hearing under 21 U.S.C. § 851 for litigation of his prior convictions. If there was error (which we do not decide), any error was harmless.

j.     Constitutional validity of prior convictions

9

Fabricant argues that the district court erred in finding in his § 851 hearing that his prior convictions were not constitutionally infirm due to violations of his right to counsel. 21 U.S.C. § 851(b). Although the case law on the standard of review is not entirely clear, we hold there was no error even if review is de novo. Fabricant bears the burden of showing that the prior convictions are constitutionally invalid. *United States v. Mulloy*, 3 F.3d 1337, 1339 (9th Cir. 1993). Only two convictions need be valid to trigger the mandatory minimum sentence, and the government presented six convictions. At a minimum, Fabricant has failed to show that the May 1998 conviction, the July 1990 conviction, and the two April 1988 convictions were constitutionally invalid.

k.      Eighth Amendment violation

Fabricant argues that a mandatory minimum life sentence for distributing relatively small amounts of methamphetamine is cruel and unusual punishment because it is unconstitutionally disproportionate. We review de novo whether a sentence violates the Eighth Amendment. *United States v. Meiners*, 485 F.3d 1211, 1212-13 (9th Cir. 2007). Fabricant cannot show that the offense and sentence raises an inference of "gross disproportionality" under controlling case law. *Harmelin v. Michigan*, 501 U.S. 957, 961, 995 (1991); *United States v.*

10

*Jensen*, 425 F.3d 698, 707 (9th Cir. 2005); *United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir. 1991).

l.      Remand to a new district judge

Fabricant's request that the case be remanded to a new district judge is moot in light of the above.

## II.      Motion for Return of Property, 10-50032

We review the denial of a Rule 41(g) motion de novo. *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003). We hold that the trial court properly dismissed the Rule 41(g) motion, but we remand to the district court to allow Fabricant to amend and file a civil suit for return of property.

## III.     Motion for Preservation of Evidence, 12-50065

We determine our own subject matter jurisdiction de novo. *Nat'l Ass'n of Agric. Employees v. Fed. Labor Relations Auth.*, 473 F.3d 983, 986 (9th Cir. 2007). We hold that we have discretion to hear this appeal because it is not an interlocutory appeal from Fabricant's criminal appeal but an independent legal action.

"We review a lower court's decision to grant, lift, or modify a protective order for abuse of discretion." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). We conclude that there was no abuse

of discretion by the trial court because Fabricant alleged no actual risk of improper destruction of the evidence.

**Nos. 09-50657 and 12-50065 AFFIRMED.**

**No. 10-50032 VACATED and REMANDED.**