**AMERICAN FOREIGN SERVICE ASSOCIATION, et al.,**
**Appellants,**

v.

**James A. BAKER, III,**
**Secretary of State.**

**No. 89–5130.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 25, 1990.

Decided Feb. 16, 1990.

Susan Z. Holik, Washington, D.C., for appellants.

Mark E. Nagle, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before RUTH BADER GINSBURG, Circuit Judge, ROBINSON, Senior Circuit Judge, and JACKSON,* District Judge.

Opinion for the Court filed by Circuit Judge RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

Plaintiffs in this federal sector labor relations controversy sought to have a court resolve the dispute in the first instance; because Congress tracked plaintiffs' grievance along an administrative course, we uphold the district court's dismissal of the action. The case arises from a dispute between the American Foreign Service Association (AFSA), the exclusive bargaining representative of Foreign Service employees, and the Department of State. AFSA's grievance concerns the Department's decision to cease subsidizing the health plan of employees stationed overseas. Endeavoring to achieve reinstatement of the subsidy, the AFSA and several individuals filed a complaint in the district court seeking declaratory, injunctive, and monetary relief against the Secretary of State and the Director of the Office of Personnel Management (OPM). Plaintiffs subsequently add-

---

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a).

ed as a defendant the American Foreign Service Protective Association.

AFSA alleged that the Department of State, without notifying or bargaining with AFSA, had ceased to subsidize the overseas health benefits package and thereby caused the Protective Association to discontinue provision of the package. AFSA contended that the Department's action constituted an unfair labor practice in violation of the Foreign Service Act and AFSA's collective bargaining agreement.

The district court observed that AFSA could file and indeed had filed a charge with the Foreign Service Labor Relations Board (FSLRB or Board). Recognizing that final action by the Board is reviewable in this court to the exclusion of the district court, the district judge granted the Secretary of State's motion to dismiss AFSA's complaint.

As support for the dismissal order, the district court relied on *Telecommunications Research & Action Center [TRAC] v. FCC*, 750 F.2d 70, 75 (D.C.Cir.1984). *TRAC* was a suit to compel agency action. Had the agency acted, the proper review forum would have been the court of appeals, not the district court. We ruled, correspondingly, that the proper review forum for the "inaction" complaint was the court of appeals. *TRAC* stands for the proposition that cases should be brought in the same judicial review forum whether the complaint is about agency action or failure to act. In applying *TRAC* to a case lodged in the wrong court, the appropriate course, normally, is to transfer, not to dismiss. *See* 28 U.S.C. § 1631.

*TRAC*, however, is inapposite to this case, for the issue here is not which of two federal courts has authority to consider AFSA's claims. Instead, the question is whether any court may take up AFSA's charges at this juncture. The dismissal order nonetheless warrants our prompt approbation for this reason: under the Foreign Service Act, AFSA has recourse to court only *if* and *after* the Board considers and rules on AFSA's charges.

## I.

We set out first the statutory regime involved. The Foreign Service Act of 1980 created the FSLRB within the Federal Labor Relations Authority (FLRA). *See* 22 U.S.C. § 4106. Entrusted with resolution of "issues relating to the obligation to bargain in good faith . . . ," *id.* § 4107(a)(3), the Board has enforcement authority that mirrors the authority Congress gave to the FLRA in the Civil Service Reform Act. *Compare id.* § 4116 *with* 5 U.S.C. § 7118.

Under the Foreign Service Act regime, unfair labor practice charges are to be presented to the General Counsel of the Board. The General Counsel, after investigating a charge, may issue a complaint. If he decides not to issue a complaint, he must account for that decision in a written statement. 22 U.S.C. § 4116(a). If he issues a complaint, the Board thereupon conducts a hearing and takes final action. *See id.* § 4116(b)–(h). The forum for judicial review of Board decisions is this court, not the district court. *Id.* § 4109(a). Provisions governing judicial review of Board decisions are identical to those specified for review of FLRA action. *Id.* § 4109(c).

The Foreign Service Act does not provide for judicial review of a General Counsel decision not to file a complaint. This court has ruled that the parallel decision by the FLRA General Counsel, which is governed by identical statutory language, is not reviewable in any court. *See Turgeon v. FLRA*, 677 F.2d 937, 940 (D.C.Cir.1982). The functions of the FSLRB General Counsel "are intended to be the same as" those of the FLRA General Counsel. *See* S.Rep. No. 913, 96th Cong., 2d Sess. 84, *reprinted in* 1980 U.S.CODE CONG. & ADMIN. NEWS 4419, 4501.

## II.

■ We turn next to the disposition of the instant appeal. At the oral argument in this case, AFSA's counsel informed the court that the FSLRB General Counsel has in fact decided to pursue, on AFSA's request, a complaint against the Department of State concerning the Department's termination of the health plan subsidy former-

ly enjoyed by foreign service employees stationed overseas. Under the regime we have just outlined, when the FSLRB process has run its course, if AFSA is dissatisfied with the final decision of the Board, AFSA may then petition for review in this court; until that time, however, no court has jurisdiction over AFSA's claims.

"Often an exclusive procedure for judicial review in the courts of appeals will implicitly, if not explicitly, forbid broadbased challenges to agency practice in the district courts." *Ayuda, Inc. v. Thornburgh*, 880 F.2d 1325, 1338 (D.C.Cir.1989). This is such a case. In the particular labor relations context we confront, it appears that Congress considered it essential, as Congress did in prior models, to assure "uniform application" of governing rules and avoid the "diversities and conflicts" forum choices produce. *See Garner v. Teamsters Union*, 346 U.S. 485, 490, 74 S.Ct. 161, 165, 98 L.Ed. 228 (1953). Were we to accept AFSA's plea for immediate access to a court of first instance, we would be establishing that court as a parallel enforcement mechanism to the Board, a result Congress did not intend.

In the private labor relations arena, "as a general rule, neither state nor federal courts have [original] jurisdiction over suits directly involving 'activity [which] is arguably subject to [the unfair labor practice sections] of the [Labor Management Relations] Act.'" *Vaca v. Sipes*, 386 U.S. 171, 179, 87 S.Ct. 903, 911, 17 L.Ed.2d 842 (1967) (quoting *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959)). The same principle applies in the public arena. *See Karahalios v. National Federation of Federal Employees, Local 1263*, —— U.S. ——, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989) (no private right of action in court to enforce union's duty of fair representation because Congress established filing of charge with FLRA as exclusive remedy for unfair labor practices).

Private sector labor law admits some statutory and judicially-created exceptions to this exclusive remedial track arrangement. *See Vaca*, 386 U.S. at 179–80, 87 S.Ct. at 911. Congress, however, included no statutory exceptions in the Foreign Service Act. Notably absent is a provision parallel to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which expressly authorizes original actions in federal district courts for violations of private sector collective bargaining agreements. The Supreme Court, we comprehend, has cautioned against extension to the public sector of judicially-inferred exceptions, *see Karahalios, supra;* furthermore, no such exception appears relevant here.

AFSA ultimately pleads for elective access to a judicial forum of first instance because it believes the FSLRB is not equipped to grant it adequate relief. AFSA cites in support of this plea decisions recognizing an exception to the prudential rule that a plaintiff must exhaust administrative remedies before seeking relief in court. *See National Federation of Federal Employees v. Weinberger*, 818 F.2d 935, 941 n. 7 (D.C.Cir.1987); *Randolph–Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105–07 (D.C.Cir.1986). But AFSA confuses concepts that are discrete. The problem here is not, as it often is in exhaustion cases, recourse to a first instance judicial decisionmaker "sooner or later." Rather, the problem is the absence of any right of original action in court at all. Precedent on exhaustion does not overcome the hurdle that Congress simply has not provided for a right of action of the kind AFSA would like to bring, nor do we have any basis for inferring such a claim for relief.

■ We note, furthermore, that the FSLRB remedy Congress ordered is not as feeble as AFSA suggests. In *National Federation*, this court found administrative relief inadequate because the plaintiff sought a declaration that the employer's action violated employees' constitutional rights, a determination the FLRA was not empowered to make. AFSA, in contrast, alleged only that the State Department breached the duty to bargain imposed by the Foreign Service Act and the collective

bargaining agreement. The Board is capable of addressing and redressing this claim.

Were this case properly in court in the first instance, and assuming AFSA prevailed on the merits, redress would take the form of an order directing the Department to comply with the Act and the collective bargaining agreement and to take appropriate remedial action. The Act empowers the Board to award the same relief. *See* 22 U.S.C. § 4107(c)(2)(E). AFSA contends that the Board could only order the Department to bargain and could not enjoin the Department to reinstate the cancelled subsidy. In fact, however, the Act expressly authorizes the Board to enlist the aid of the district court to obtain all appropriate interim relief. *See id.* § 4109(d).**

Board-ordered relief would also be inadequate, AFSA maintains, because the FSLRB has no jurisdiction over the OPM and the Protective Association, organizations AFSA claims are "necessary parties" to the restoration of the status quo ante. However, AFSA has not alleged a viable claim for relief against either of these entities and has not identified any law under which a court could require either of them to take any action with regard to this controversy.

CONCLUSION

The General Counsel of the Foreign Service Labor Relations Board is acting on AFSA's complaint against the Department of State. When the Board reaches a decision, both sides will have the opportunity to seek review in this court. Because that opportunity is the only judicial review that Congress provided for this controversy, the dismissal order from which this appeal has been taken is

*Affirmed.*

** This prescription, furthermore, indicates that Congress did create a role for the district court in the scheme at issue, albeit a limited one. It

would be all the more improper, in this light, for the judiciary to enlarge that auxiliary role so that it becomes the dominant one.