283 F.3d 339
 ASSOCIATION OF CIVILIAN TECHNICIANS, INC., Appellant,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Appellee.
 No. 01-5170.
 United States Court of Appeals, District of Columbia Circuit.
 Argued February 7, 2002.
 Decided March 22, 2002.
 
 Appeal from the United States District Court for the District of Columbia (No. 99cv02562).
 Daniel M. Schember argued the cause and filed the briefs for appellant.
 William E. Persina, Attorney, Federal Labor Relations Authority, argued the cause for the appellee. With him on the brief were David M. Smith, Solicitor, and William R. Tobey, Deputy Solicitor.
 Before: TATEL and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.
 Opinion for the Court filed by Circuit Judge TATEL.
 TATEL, Circuit Judge:
 
 
 1
 This case presents a straightforward question of statutory interpretation: Does the statute that gives federal courts of appeals jurisdiction to review decisions of the Federal Labor Relations Authority "other than ... order[s] ... involving an appropriate unit determination," leave district courts free to review such determinations pursuant to the Administrative Procedure Act? Answering no, we affirm the district court's dismissal of this challenge to an appropriate unit determination.
 
 I.
 
 2
 National Guard "dual status technicians" (mechanics, machinists, and supply technicians) are federal employees who, pursuant to the National Guard Technicians Act (NGTA), 32 U.S.C. § 709, are separately employed and supervised by the Adjutant General of their respective State Guards. As a condition of employment, they must maintain membership in the state unit of the National Guard for which they work. Id. § 709(b). For collective bargaining purposes, dual status technicians are represented by appellant, the Association of Civilian Technicians. Though a national union, the Association bargains separately on behalf of each state-based unit.
 
 
 3
 This case began when the Association filed a petition with the Federal Labor Relations Authority seeking to have dual status technician bargaining units consolidated into a single, national unit. The Federal Labor Relations Act (FLRA) directs the Authority to determine whether unit determination petitions are "appropriate," based on such factors as whether the determination "will ensure a clear and identifiable community of interest among the employees in the unit and will promote effective dealings with, and efficiency of the operations of the agency involved." 5 U.S.C. § 7112(a). Applying these standards, the Authority's Regional Director denied the petition. On review, the Authority acknowledged that some evidence — particularly the "interchange" of technicians among State Guards — supported the appropriateness of the proposed national unit. The Authority, however, affirmed the Regional Director's conclusion that more evidence justified maintaining state-based units: Each National Guard state unit has "an individual mission unique to its state or territory"; the NGTA invests Adjutants General with "overall authority over all personnel and labor relations matters in their respective State Activities"; and national collective bargaining would be ineffective because "authority over the day-to-day employment of the technicians ... is designated by statute to the states." The Association urged the Authority to consider the increased bargaining rights that consolidation would purportedly bring to union members, but the agency declined to do so, agreeing with the Regional Director that the statutory obligation to "ensure employees the fullest freedom in exercising the rights guaranteed under this chapter," id., applies only to units already determined to be appropriate. On the basis of this analysis, the Authority denied the petition for review.
 
 
 4
 Invoking section 702 of the Administrative Procedure Act — "[a] person ... aggrieved by agency action ... is entitled to judicial review thereof," id. § 702 — the Association sued the Authority in the United States District Court for the District of Columbia, arguing that the unit determination was "arbitrary [and] capricious," id. § 706(a)(2)(A). The district court dismissed the case for lack of jurisdiction, relying on FLRA section 7123: "Any person aggrieved by any final order of the [Federal Labor Relations] Authority other than an order under ... section 7112 of this title (involving an appropriate unit determination), may ... institute an action for judicial review of the Authority's order in the [appropriate] United States court of appeals." Id. § 7123(a) (emphasis added). The district court concluded that this exception deprives not just courts of appeals, but all federal courts, of jurisdiction to review appropriate unit determinations.
 
 
 5
 The Association appeals. Our review is de novo. Nat'l Taxpayers Union v. United States, 68 F.3d 1428, 1432 (D.C.Cir.1995) ("In a case ... involving a District Court's dismissal of a complaint for lack of subject matter jurisdiction, our standard of review is de novo.").
 
 II.
 
 6
 Notwithstanding eighty-two pages of briefing, this case is not difficult. FLRA section 7123 gives courts of appeals jurisdiction to review Authority decisions "other than ... order[s] under ... section 7112 of this title (involving an appropriate unit determination)." 5 U.S.C. § 7123(a). The APA expressly provides that its general review provisions, pursuant to which the Association filed this suit, do not apply where "statutes preclude judicial review." Id. § 701(a)(1); cf. id. § 702 ("Nothing herein ... confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief... sought."). Because FLRA section 7123 "precludes judicial review" of appropriate unit determinations, the district court properly held that it lacked jurisdiction to hear this case.
 
 
 7
 Pointing out that FLRA section 7123 mentions only "courts of appeals," the Association insists that the provision does not bar district courts from reviewing appropriate unit determinations. Like the district court, we disagree. We cannot imagine that Congress, having vested in courts of appeals exclusive jurisdiction to review all Authority decisions except those relating to appropriate unit determinations, would have intended that such determinations could nevertheless be reviewed by district courts. See Columbia Power Trades Council v. United States Dep't of Energy, 671 F.2d 325, 327 (9th Cir.1982) ("At no point does the Act entitle a party to petition a district court for relief. Given the broad purpose of the Act[,] ... and the limited role of the judiciary in this statutory scheme, it is manifestly the expressed desire of Congress to create an exclusive statutory scheme.") (footnote omitted).
 
 
 8
 Although FLRA section 7123's clarity makes resort to legislative history unnecessary, we think it worth noting that the Joint Committee Report on the bill that became the FLRA declared: "As in the private sector, there will be no judicial review of the Authority's determination of the appropriateness of bargaining units." H.R. REP. No. 95-1717, at 153 (1978), U.S.Code Cong. & Admin.News 1978, 2723, 2887. The Report does not say that there will be "no circuit court review"; it says there will be "no judicial review." Moreover, the Joint Committee's comparison to the "private sector" demonstrates that Congress had in mind a review scheme identical to the NLRB's, and the Supreme Court has determined that the National Labor Relations Act's preclusion of direct court of appeals review of certain matters also bars district court APA review. See NLRB v. United Food & Commercial Workers Union, Local 23, 484 U.S. 112, 133, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987). "It would be absurd," the Supreme Court declared, to allow district court review of settlement determinations when the NLRA expressly precludes direct review of such determinations in courts of appeals. Id.
 
 
 9
 In holding that FLRA section 7123 precludes direct review of Authority appropriate unit determinations, we emphasize that the Association remains free to obtain indirect judicial review by refusing to bargain, drawing an unfair labor practice charge, and appealing that charge to the Authority and then to a court of appeals. See, e.g., Dep't of Energy v. FLRA, 880 F.2d 1163, 1163-65, 1164 n. 3 (10th Cir.1989) (reviewing the Authority's unit determination in the context of an unfair labor practice proceeding). It is in this way, as the Joint Committee indicated, see supra at 341-42, that the FLRA parallels the NLRA. The Association claims that the existence of this indirect method of review implies that direct review should be available as well, but we rejected a virtually identical argument in Physicians National House Staff Ass'n v. Fanning, where a union sought APA review of an NLRB denial of a certification petition. 642 F.2d 492, 495 (D.C.Cir.1980). Pointing out that the denial occurred in the course of an unreviewable representation proceeding, we rejected the union's argument that the district court nevertheless had jurisdiction because the union's only other means of review was through an onerous unfair labor practice proceeding. Our analysis in Fanning applies here as well:
 
 
 10
 [I]t may be unlikely that the correctness of these decisions may be tested in an unfair labor practice proceeding reviewable in a court of appeals, but we think this is not a reason to permit District Court review. Congress has considered the likelihood that some Board decisions in representation proceedings may evade all judicial review. Nevertheless, it has rejected attempts to provide review in such cases.
 
 
 11
 Id. at 499.
 
 
 12
 Undeterred by all this "clear and convincing evidence" of Congressional intent to preclude judicial review, Abbott Labs. v. Gardner, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (citation and internal quotation marks omitted), the Association offers four unpersuasive arguments in support of its belief that the district court nevertheless had jurisdiction to entertain its challenge to the appropriate-unit determination in this case. Citing a Supreme Court case, McNary v. Haitian Refugee Center, Inc., 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991), and a decision of this circuit, Crowley Caribbean Transportation, Inc. v. Peña, 37 F.3d 671 (D.C.Cir. 1994), the Association first argues that two aspects of the Authority's decision amount to "broad legal interpretation[s]" that the district court had jurisdiction to review even though they were embedded in an otherwise unreviewable decision. Appellant's Opening Br. at 24. The "broad legal determinations" the Association has in mind are the Authority's holding that the NGTA invests Adjutants General with responsibility for personnel and labor relations matters in their respective state activities, and the agency's finding that an increase in employee rights resulting from consolidation is not a relevant factor in appropriate unit determinations. The Supreme Court, however, has generally rejected "the principle that if the agency gives a reviewable reason for otherwise unreviewable action, the action becomes reviewable." Interstate Commerce Comm'n v. Bhd. of Locomotive Eng'rs, 482 U.S. 270, 283, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (citation and internal quotation marks omitted). Although the cases the Association cites reveal limited exceptions to this principle, those exceptions are inapplicable here. In McNary, the Supreme Court held that a district court could exercise subject matter jurisdiction over a general due process challenge to the Immigration and Naturalization Service's administration of "Special Agricultural Worker" status, even though the controlling statute made individual status determinations unreviewable. 498 U.S. at 494, 111 S.Ct. 888. Just because district courts may in some cases review generic, constitutional challenges to otherwise unreviewable agency actions hardly means that the district court in this case had jurisdiction over the Association's non-constitutional, individualized claim. Nor does our assumption in Crowley that a district court might have jurisdiction over an agency's articulation of its general enforcement policy, 37 F.3d at 677, support the Association's argument that district courts may review any agency legal interpretation made in the context of otherwise unreviewable individual adjudications. On the contrary, Crowley echoes the Supreme Court's "square[ ] reject[ion of] the notion of carving reviewable legal rulings out from the middle of non-reviewable actions." Id. at 676 (citing Bhd. of Locomotive Eng'rs, 482 U.S. at 283, 107 S.Ct. 2360).
 
 
 13
 The Association next argues that the Authority's findings regarding the scope of Adjutant General responsibility and the relevance of increased employee rights are reviewable pursuant to the "rule" giving federal courts authority to review agency decisions that "erroneously disclaim jurisdiction to enforce the law[.]" Appellant's Opening Br. at 33. In support of this proposition, the Association cites a Ninth Circuit decision, Montana Air Chapter No. 29 v. FLRA, 898 F.2d 753 (1990). That case, however, as well as a similar decision of this circuit, International Longshoremen's Ass'n v. National Mediation Board, 785 F.2d 1098, 1100 (D.C.Cir.1986), held that agency nonenforcement decisions, normally unreviewable, see Heckler v. Chaney, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), may be reviewed if they rest on the agency's erroneous belief that it lacks jurisdiction. That rule does not apply here, for the Authority neither disclaimed jurisdiction nor declined to enforce the FLRA. On the contrary, the agency affirmatively exercised its statutory jurisdiction, evaluated the merits of the consolidation petition, and concluded that the proposed unit was not appropriate.
 
 
 14
 Third, the Association attempts to bring this case within the ambit of Adams v. Richardson, which held that district courts may exercise jurisdiction over agency action that amounts to "an abdication of ... Congress' clear statement of an affirmative enforcement duty." 480 F.2d 1159, 1162 (D.C.Cir.1973). Citing the agency's same two rulings about Adjutant General responsibility and the relevance of increased bargaining rights, the Association argues that the Authority abdicated its responsibility "to determine appropriate bargaining units" and "to enforce [the] mandate of [section 7112 of the Act]." Appellant's Opening Br. at 34-35. In our view, these two rulings do not come close to the "abdication" that justified district court jurisdiction in Adams. In that case, the Secretary of Health, Education, and Welfare declined to enforce an entire statutory scheme, Title VI of the Civil Rights Act of 1964. Adams, 480 F.2d at 1161. The evidence showed that the Secretary, in violation of an unambiguous statutory directive that HEW "effectuate the provisions of ... this title," 42 U.S.C. § 2000d-1, failed to take appropriate action to terminate federal funding to segregated school systems, a failure we called "a dereliction of duty," Adams, 480 F.2d at 1163. The record in this case reflects no such dereliction. As we indicated above, the Authority exercised jurisdiction over the consolidation petition and ruled against the Association. The Association's claim that the agency abdicated its enforcement responsibility represents nothing more than substantive disagreement with the agency's legal rulings.
 
 
 15
 Finally, the Association argues that the Authority's ruling amounts to the kind of "open violation of statutory authority" that the Supreme Court found reviewable in Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). "The invocation of Leedom jurisdiction," we have emphasized, "is extraordinary; to justify such jurisdiction, there must be a specific provision of the Act which, although it is clear and mandatory, was nevertheless violated by the [agency]." Council of Prison Locals v. Brewer, 735 F.2d 1497, 1501 (D.C.Cir.1984) (citations and internal quotation marks omitted). In this case, the Association points to no clear violation of an unambiguous statutory provision. Instead, its arguments — that the Authority openly violated the clear mandate of the Act by determining that the NGTA prohibits nationwide consolidation of bargaining units and (again) by failing to include increased bargaining rights as a factor in its decision — merely repeat its disagreement with the agency's ruling. This falls well short of the requirements for Leedom jurisdiction. "That the [agency] may have made an error of fact or law is insufficient; the [agency] must have acted without statutory authority." Fanning, 642 F.2d at 496.
 
 
 16
 The dismissal of this case for want of jurisdiction is affirmed.
 
 
 17
 
 So ordered.