Dissenting opinion filed by Circuit Judge Pillard.
 

 Randolph, Senior Circuit Judge
 

 This is an appeal from the district court's grant of summary judgment in favor of the Federal Election Commission. Petitioners are Citizens for Responsibility and Ethics in Washington (CREW), and its executive director, Melanie Sloan, a registered voter in the District of Columbia. They brought this action
 
 [1]
 
 alleging that the Commission acted "contrary to law" in 2015 when it dismissed their administrative
 complaint against an unincorporated association whose name is too cumbersome to condense.
 
 [2]
 
 CREW's charges against the association, filed in 2011, were that the association had violated the federal election laws in 2010.
 

 In the district court, and now in this court, CREW invoked the judicial review provision of the Federal Election Campaign Act, or "FECA" as it is sometimes called. The provision states that the district court "may declare that the dismissal of the complaint ... is contrary to law," and, if the Commission fails to correct the illegality on remand, the "complainant may bring" an action in its own name against the alleged violator "to remedy the violation involved in the original [administrative] complaint."
 
 52 U.S.C. § 30109
 
 (a)(8)(C).
 

 CREW's petition in the district court also invoked the Administrative Procedure Act. The APA, enacted in 1946, states that a later statute-FECA is one-"may not be held to supersede or modify ... chapter 7 ... except to the extent that it does so expressly."
 
 5 U.S.C. § 559
 
 . APA Chapter 7 contains the APA's judicial review provisions.
 
 See
 

 5 U.S.C. §§ 701
 
 - 706. Rather than "expressly" contradicting those provisions, FECA is consistent with them. FECA's "contrary to law" formulation, for example, reflects APA § 706(2)(A), which requires the court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ...."
 
 [3]
 
 We will have more to say about APA § 706 later in this opinion.
 

 The Commission's dismissal of CREW's complaint constituted the "agency action" supporting the district court's jurisdiction.
 
 See
 

 52 U.S.C. § 30109
 
 (a)(8)(A). After the Commissioners voted 3 to 3 on whether to begin enforcement proceedings, the Commission closed the administrative file on the case. The deadlock meant that the Commission could not proceed: under FECA, the Commission may pursue enforcement only upon "an affirmative vote of 4 of its members."
 
 52 U.S.C. § 30109
 
 (a)(2), (a)(4)(A)(i), (a)(6)(A).
 

 The district court held that the Commission's explanation of its failure to prosecute was a "rational exercise of prosecutorial discretion."
 
 Citizens for Responsibility and Ethics in Washington v. FEC
 
 ,
 
 236 F.Supp.3d 378
 
 , 397 (D.D.C. 2017). This raises a question: how can a court attribute to "the Commission" any particular rationale when the Commissioners were evenly split? The answer comes from
 
 Democratic Congressional Campaign Committee v. FEC
 
 ,
 
 831 F.2d 1131
 
 (D.C. Cir. 1987), and its expansion in
 
 Common Cause v. FEC
 
 ,
 
 842 F.2d 436
 
 (D.C. Cir. 1988). Together, these cases establish two propositions of circuit law. The first is that if the Commission fails to muster four votes in favor of initiating an enforcement proceeding, the Commissioners who voted against taking that action should issue a statement explaining their votes.
 
 Common Cause
 
 ,
 
 842 F.2d at 449
 
 . The second is that, for purposes of judicial review, the statement or statements of those naysayers-the so-called "controlling Commissioners"-will be treated as if they were expressing the Commission's rationale for dismissal, a
 rather apparent fiction raising problems of its own.
 
 [4]
 

 Id.
 

 Here, the three Commissioners who voted not to begin enforcement proceedings issued a joint statement explaining their votes.
 
 [5]
 
 These Commissioners were concerned that the statute of limitations had expired or was about to; that the association named in CREW's complaint no longer existed; that the association had filed termination papers with the IRS four years earlier; that it had no money; that its counsel had resigned; that the "defunct" association no longer had any agents who could legally bind it; and that any action against the association would raise "novel legal issues that the Commission had no briefing or time to decide." For these reasons, the "case did not warrant further use of Commission resources."
 

 In short, these Commissioners would have exercised the agency's prerogative not to proceed with enforcement. There is no doubt the Commission possesses such prosecutorial discretion. Although today "prosecutorial" usually refers to criminal proceedings, it was not always so. Under the APA, agency attorneys who bring civil enforcement actions are engaged in "prosecuting functions,"
 
 5 U.S.C. § 554
 
 (d).
 
 See
 

 3M Co. v. Browner
 
 ,
 
 17 F.3d 1453
 
 , 1456-57 (D.C. Cir. 1994). The Supreme Court has recognized that federal administrative agencies in general,
 
 Heckler v. Chaney
 
 ,
 
 470 U.S. 821
 
 , 831,
 
 105 S.Ct. 1649
 
 ,
 
 84 L.Ed.2d 714
 
 (1985), and the Federal Election Commission in particular,
 
 FEC v. Akins
 
 ,
 
 524 U.S. 11
 
 , 25,
 
 118 S.Ct. 1777
 
 ,
 
 141 L.Ed.2d 10
 
 (1998), have unreviewable prosecutorial discretion to determine whether to bring an enforcement action.
 
 See
 

 CREW v. FEC
 
 ,
 
 475 F.3d 337
 
 , 340 (D.C. Cir. 2007).
 
 [6]
 

 As to an agency's prosecutorial discretion,
 
 Heckler v. Chaney
 
 is the leading
 case.
 
 Chaney
 
 interpreted APA § 701(a)(2), which bars judicial review of agency action "committed to agency discretion by law."
 
 5 U.S.C. § 701
 
 (a)(2). Under § 701(a)(2), "certain categories of administrative decisions are unreviewable," among which are "agency decisions not to institute enforcement proceedings."
 
 Secretary of Labor v. Twentymile Coal Co.
 
 ,
 
 456 F.3d 151
 
 , 156 (D.C. Cir. 2006). In a frequently quoted passage, which is set forth in the margin,
 
 [7]
 
 the Supreme Court recited many of the reasons why an agency's exercise of its prosecutorial discretion cannot be subjected to judicial scrutiny. At this point in its
 
 Chaney
 
 opinion, the Court added a caveat. An agency's decision not to undertake enforcement "is only presumptively unreviewable; the presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers."
 
 Chaney
 
 ,
 
 470 U.S. at 832-33
 
 ,
 
 105 S.Ct. 1649
 
 ;
 
 see also
 

 Webster v. Doe
 
 ,
 
 486 U.S. 592
 
 , 600,
 
 108 S.Ct. 2047
 
 ,
 
 100 L.Ed.2d 632
 
 (1988) (" § 701(a)(2) requires careful examination of the statute on which the claim of agency illegality is based ....").
 

 Chaney
 
 controls this case. The three naysayers on the Commission placed their judgment squarely on the ground of prosecutorial discretion. Nothing in the substantive statute overcomes the presumption against judicial review. FECA provides that "the Commission may, upon an affirmative vote of 4 of its members, institute a civil action ...."
 
 52 U.S.C. § 30109
 
 (a)(6)(A). To state the obvious, the word "may" imposes no constraints on the Commission's judgment about whether, in a particular matter, it should bring an enforcement action. Nor do the adjacent sections directing that the Commission "shall" take specific actions after making certain threshold legal determinations.
 
 52 U.S.C. § 30109
 
 (a)(2), (a)(4)(A)(i). Neither of those sections constrain the Commission's discretion whether to make those legal determinations in the first instance. The consequence is that the operative "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."
 
 Chaney
 
 ,
 
 470 U.S. at 830
 
 ,
 
 105 S.Ct. 1649
 
 .
 

 Rather than confronting
 
 Chaney
 
 and the many other cases applying § 701(a)(2), CREW sweeps these precedents off the table. With the way thus cleared, it argues that whenever the Commission exercises its prosecutorial discretion to decline an enforcement action, it acts "contrary to law." Implicit is the idea that even if the Commission's exercise of prosecutorial discretion
 is immune from judicial questioning, this does not close the door. Instead, it triggers FECA's "citizen-suit" provision, which entitles a private entity to bring an enforcement action when the Commission has declined to do so.
 
 52 U.S.C. § 30109
 
 (a)(8)(C).
 

 CREW's argument contradicts the principle that an agency's exercise of prosecutorial discretion is not subject to judicial review. It contradicts this principle because a court may not authorize a citizen suit unless it first determines that the Commission acted "contrary to law" under FECA or under the APA's equivalent "not in accordance with law."
 
 52 U.S.C. § 30109
 
 (a)(8)(C) ;
 
 5 U.S.C. § 706
 
 (2)(A). Yet to make this determination, a court necessarily must subject the Commission's exercise of discretion to judicial review, which it cannot do. That is enough to reject CREW's argument, but two other dispositive points deserve mention. While insisting that the Commission's discretionary decisions not to prosecute are
 
 per se
 
 "contrary to law," CREW never identifies what "law" it has in mind. For the reasons already given, the "law" cannot be FECA. And it cannot be the APA.
 
 [8]
 
 CREW's argument also flies in the face of
 
 Chaney
 
 's holding that § 701(a)(2) bars judicial review when there is no "law" to apply in judging how and when an agency should exercise its discretion,
 
 470 U.S. at 830
 
 ,
 
 105 S.Ct. 1649
 
 .
 
 [9]
 

 See also
 

 Overton Park
 
 , 401 U.S. at 410,
 
 91 S.Ct. 814
 
 ;
 
 Webster v. Doe
 
 ,
 
 486 U.S. at 600
 
 ,
 
 108 S.Ct. 2047
 
 ;
 
 Lincoln v. Vigil
 
 ,
 
 508 U.S. 182
 
 , 191,
 
 113 S.Ct. 2024
 
 ,
 
 124 L.Ed.2d 101
 
 (1993).
 

 Before we end this opinion, several additional subjects need to be addressed. The district court held that an agency's "absolute discretion" to decide whether to bring an enforcement action will be sustained unless the petitioner shows that the Commission abused its discretion.
 
 Citizens for Responsibility and Ethics in Washington
 
 ,
 
 236 F.Supp.3d at 391
 
 . Both Commission counsel and CREW have accepted the district court's formulation. We do not. The district court's statement of law is inconsistent with the precedents of this court and of the Supreme Court. Our duty in conducting
 
 de novo
 
 review on appeal is to resolve the questions of law this case presents.
 
 See
 

 Elder v. Holloway
 
 ,
 
 510 U.S. 510
 
 , 516,
 
 114 S.Ct. 1019
 
 ,
 
 127 L.Ed.2d 344
 
 (1994). "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."
 
 Kamen v. Kemper Financial Services, Inc.
 
 ,
 
 500 U.S. 90
 
 , 99,
 
 111 S.Ct. 1711
 
 ,
 
 114 L.Ed.2d 152
 
 (1991) ;
 
 see also
 

 U.S. National Bank of Oregon v. Independent Insurance Agents of America, Inc.
 
 ,
 
 508 U.S. 439
 
 , 446,
 
 113 S.Ct. 2173
 
 ,
 
 124 L.Ed.2d 402
 
 (1993).
 

 The district court's statement embodies a contradiction: as the court put it, an
 agency has "absolute discretion" when it comes to enforcement decisions, but it is up to the court to decide whether the agency abused its absolute discretion. The Court in
 
 Chaney
 
 took notice of the same ostensible contradiction between the "abuse of discretion" standard in APA § 706 and § 701(a)(2)'s bar against review to the extent the action is "committed to agency discretion." The Court then resolved the conflict on this basis: "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.' "
 
 Chaney
 
 ,
 
 470 U.S. at 830
 
 ,
 
 105 S.Ct. 1649
 
 .
 
 [10]
 

 Following
 
 Chaney
 
 , this court has held that if an action is committed to the agency's discretion under APA § 701(a)(2) -as agency enforcement decisions are-there can be no judicial review for abuse of discretion, or otherwise. Examples include
 
 Drake v. FAA
 
 ,
 
 291 F.3d 59
 
 , 69-72 (D.C. Cir. 2002) ;
 
 Steenholdt v. FAA
 
 ,
 
 314 F.3d 633
 
 , 638-39 (D.C. Cir. 2003) ;
 
 Secretary of Labor v. Twentymile Coal Co.
 
 ,
 
 456 F.3d 151
 
 , 156 (D.C. Cir. 2006) ;
 
 Association of Irritated Residents v.EPA
 
 ,
 
 494 F.3d 1027
 
 , 1031-33 (D.C. Cir. 2007) ; and
 
 Sierra Club v. Jackson
 
 ,
 
 648 F.3d 848
 
 , 855-56 (D.C. Cir. 2011).
 

 The upshot is that agency enforcement decisions, to the extent they are committed to agency discretion,
 
 [11]
 
 are not subject to judicial review for abuse of discretion. It follows that CREW is not entitled to have the court evaluate for abuse of discretion the individual considerations the controlling Commissioners gave in support of their vote not to initiate enforcement proceedings.
 

 The dissent goes off in a different direction, one that neither CREW nor the Commission ever argued. As the dissent sees it, the controlling Commissioners must have rendered an interpretation-or rather, a misinterpretation-of "political committee" as used in FECA.
 
 [12]
 
 The vote of these Commissioners had that effect because, according to the dissent, each Commissioner is obliged to issue or join an opinion reaching the merits before the Commission may, in the exercise of its prosecutorial discretion, dismiss a complaint to avoid reaching the merits. Dis. Op. 448-51. The dissent's position contradicts the record, which is doubtless why neither party mentioned it.
 
 [13]
 
 But even if
 some statutory interpretation could be teased out of the Commissioners' statement of reasons, the dissent would still be mistaken in subjecting the dismissal of CREW's complaint to judicial review. The law of this circuit "rejects the notion of carving reviewable legal rulings out from the middle of non-reviewable actions."
 
 Crowley Caribbean Transport, Inc. v. Pena
 
 ,
 
 37 F.3d 671
 
 , 676 (D.C. Cir. 1994) ;
 
 see also
 

 Association of Civilian Technicians, Inc. v. Federal Labor Relations Authority
 
 ,
 
 283 F.3d 339
 
 , 343-44 (D.C. Cir. 2002). In so holding, we followed the Supreme Court's decisions in
 
 ICC v. Brotherhood of Locomotive Engineers
 
 ,
 
 482 U.S. 270
 
 , 282-83,
 
 107 S.Ct. 2360
 
 ,
 
 96 L.Ed.2d 222
 
 (1987), and
 
 Chaney
 
 ,
 
 470 U.S. at 827-28
 
 ,
 
 105 S.Ct. 1649
 
 . (The agency in
 
 Chaney
 
 had determined that it lacked jurisdiction but that even if it had enforcement jurisdiction it would not exercise it.
 
 470 U.S. at 824-25
 
 ,
 
 105 S.Ct. 1649
 
 .) As to this firmly-established principle, the dissent has nothing to say. This is odd because the principle, as applied to this case, renders the dissent's novel theory superfluous.
 

 Affirmed.
 

 CREW and Sloan mislabeled their pleading a "Complaint for Injunctive and Declaratory Relief." The Administrative Procedure Act,
 
 5 U.S.C. § 703
 
 , required the "form of proceeding for judicial review" to be the special statutory review relating to Commission dismissals of complaints-namely, a "petition" filed in the district court.
 
 52 U.S.C. § 30109
 
 (a)(8)(A).
 
 See
 

 FEC v. Democratic Senatorial Campaign Committee
 
 ,
 
 454 U.S. 27
 
 , 31 & n.3,
 
 102 S.Ct. 38
 
 ,
 
 70 L.Ed.2d 23
 
 (1981).
 

 The Commission on Hope, Growth, and Opportunity.
 

 In
 
 Orloski v. FEC
 
 ,
 
 795 F.2d 156
 
 , 161 (D.C. Cir. 1986), the court repeated this language from the APA, stating that the Commission would have acted "contrary to law" if its dismissal of a complaint "was arbitrary or capricious, or an abuse of discretion."
 
 See also
 

 Hagelin v. FEC
 
 ,
 
 411 F.3d 237
 
 , 242 (D.C. Cir. 2005).
 

 For instance, what if the three Commissioners each expressed a different reason for voting against enforcement proceedings? One Commissioner may have believed that FECA did not cover the activities alleged in the complaint. Another may have believed that the evidence of a violation was too weak. The third Commissioner may have concluded that the alleged violations were too trivial to warrant the Commission's attention.
 

 About the same time, two of the Commissioners who voted to proceed with enforcement issued a joint statement of their own. The third Commissioner who voted to proceed issued his statement of reasons on March 21, 2016, nearly four months after CREW filed its complaint in the district court. An agency cannot
 
 sua sponte
 
 update the administrative record when an action is pending in court.
 
 See, e.g.
 
 , Peter L. Strauss, Citizens to Preserve Overton Park v. Volpe-
 
 of Politics and Law, Young Lawyers and the Highway Goliath
 
 ,
 
 in
 
 Administrative Law Stories 259, 322 (2006);
 
 Citizens to Preserve Overton Park, Inc. v. Volpe
 
 ,
 
 401 U.S. 402
 
 , 422,
 
 91 S.Ct. 814
 
 ,
 
 28 L.Ed.2d 136
 
 (1971) (Black, J., dissenting). We have refused to consider a district court's opinion issued while the case was pending on appeal and after appellate briefs had been filed.
 
 See
 

 United States v. Hallford
 
 ,
 
 816 F.3d 850
 
 , 855 n.4 (D.C. Cir. 2016).
 

 The dissent thinks the Supreme Court held in
 
 Akins
 
 that FECA cabins "the agency's exercise of prosecutorial discretion at various decisional stages." Dis. Op. 444-45. That is not correct. The only issue the Court decided in
 
 Akins
 
 dealt with standing. The Federal Election Commission issued an interpretation of § 431(4)(A) of FECA to dismiss one of two charges in a complaint. (The Commission, relying on
 
 Heckler v. Chaney
 
 , invoked prosecutorial discretion to dismiss the other charge, which alleged a violation of § 441b of FECA; this Commission action was not at issue in the Supreme Court.
 
 See
 

 524 U.S. at 25
 
 ,
 
 118 S.Ct. 1777
 
 ;
 
 Akins v. FEC
 
 ,
 
 736 F.Supp.2d 9
 
 , 13-15 (D.D.C. 2010).) The Court held only that the complainants had standing even though, on remand, the Commission might invoke its prosecutorial discretion to dismiss the remaining charge, as it had done with respect to the § 441b allegation.
 
 524 U.S. at 25
 
 ,
 
 118 S.Ct. 1777
 
 .
 

 Chaney
 
 ,
 
 470 U.S. at 831-32
 
 ,
 
 105 S.Ct. 1649
 
 :
 

 [A]n agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing.
 

 The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.
 

 See also
 

 Wayte v. United States
 
 ,
 
 470 U.S. 598
 
 , 607,
 
 105 S.Ct. 1524
 
 ,
 
 84 L.Ed.2d 547
 
 (1985) :
 

 This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.
 

 One might suppose that under § 701(a)(2), an agency's exercise of prosecutorial discretion merely renders the APA inapplicable. But our decisions hold that even if the APA is out of the picture, an agency's prosecutorial discretion is still presumptively immune from judicial review.
 
 See
 

 Steenholdt v. FAA
 
 ,
 
 314 F.3d 633
 
 , 638-39 (D.C. Cir. 2003) ;
 
 Twentymile Coal Co.
 
 ,
 
 456 F.3d at 160
 
 .
 

 Chaney
 
 left open the possibility that an agency nonenforcement decision may be reviewed if "the agency has 'consciously and expressly adopted a general policy' that is so extreme as to amount to an abdication of its statutory responsibilities."
 
 Chaney
 
 , 470 U.S. at 833 n.4,
 
 105 S.Ct. 1649
 
 (citing
 
 Adams v. Richardson
 
 ,
 
 480 F.2d 1159
 
 (D.C. Cir. 1973) (en banc) ). CREW cites this footnote but its own submissions show that the Commission routinely enforces the election law violations alleged in CREW's administrative complaint.
 

 Justice Scalia, dissenting in
 
 Webster v. Doe
 
 ,
 
 486 U.S. at 609-10
 
 ,
 
 108 S.Ct. 2047
 
 , offered a more detailed explanation of the "seeming contradiction" between § 701(a)(2) and § 706. A unanimous Supreme Court later endorsed Justice Scalia's explanation.
 
 Lincoln v. Vigil
 
 , 508 U.S. at 191,
 
 113 S.Ct. 2024
 
 .
 

 The interpretation an agency gives to a statute is not committed to the agency's unreviewable discretion.
 
 See
 

 Chaney
 
 , 470 U.S. at 833 n.4,
 
 105 S.Ct. 1649
 
 ;
 
 Akins
 
 ,
 
 524 U.S. at 26
 
 ,
 
 118 S.Ct. 1777
 
 . Thus, if the Commission declines to bring an enforcement action on the basis of its interpretation of FECA, the Commission's decision is subject to judicial review to determine whether it is "contrary to law."
 
 See
 

 FEC v. Democratic Senatorial Campaign Committee
 
 ,
 
 454 U.S. 27
 
 ,
 
 102 S.Ct. 38
 
 ,
 
 70 L.Ed.2d 23
 
 (1981). This is what the Court meant in
 
 Akins
 
 when it wrote that although "an agency's decision not to undertake an enforcement action" is "generally not subject to judicial review," there may be such review under FECA if-as in
 
 Akins
 
 ,
 
 see
 
 note 6
 
 supra
 
 -the agency's action was based entirely on its interpretation of the statute.
 
 Akins
 
 ,
 
 524 U.S. at 26
 
 ,
 
 118 S.Ct. 1777
 
 .
 

 See
 

 52 U.S.C. § 30101
 
 (4)(A) ;
 
 Buckley v. Valeo
 
 ,
 
 424 U.S. 1
 
 , 79,
 
 96 S.Ct. 612
 
 ,
 
 46 L.Ed.2d 659
 
 (1976).
 

 These Commissioners explained that they had "concluded that any conciliation effort would be futile, and the most prudent course was to close the file consistent with the Commission's exercise of its discretion in similar matters" (citing
 
 Heckler v. Chaney
 
 , 470 U.S. at 832,
 
 105 S.Ct. 1649
 
 , quoted in note 7
 
 supra
 
 and setting forth many reasons for an agency's declining to bring an enforcement action).